ChiefJustice Robertson,
delivered the opinion of the Court.
This writ of error is prosecuted to reverse an order of the circuit court, quashing two executions of fieri facias, and a sale of land made under them or one of them A rule was served on the plaintiff in error, (defendant in the circuit court) requiring him to shew cause why the execution and sale should not be quashed, for several errors in fact and in law, specified in the rule. He appeared and demurrerd t o the assignment of errors, but the court •overruled the demurrer and quashed the executions and the sale, the plaintiff in error being the creditor .and purchaser.
As the executions are not in the record, this court .cannot decide that there was no sufficient error apparent on their faces, to justify their quashal. None of the errors, except perhaps the eighth, which is an error in fact, can be'deemed sufficient for quashing the sale; but as the record does not shew what testimony was given on the trial, this court cannot decide that facts sufficient to sustain the quashal of the sale, for the eighth error, were not proved.
Nor was there any ground for sustaining the demurrer, unless it be erroneous to unite errors in fact and in law, in the same motion or rule.
If the ancient mode of proceeding by writ of error coram nobis had been adopted, instead of the less technical and the usual modern remedy, by motion or rule, there can be no doubt that the circuit court *42 ought to have sustained the demurrer. For it is well settled, that it is error to unite in such a writ, both fact and law; because, 1st, such confusion in pleading is inconvenient and incongruous; and 2d, moc*e °f trying the fact and that of deciding the ^aw’ are different; the former being (in such a case) tried by a jury, and the latter being decided by the court.
In a writ of nobis rr unite errors of fact and law is error.
It is not cessaryinmotions, to observethesame technical strictness which is required in pleading.
^rule'to shew execution7 or sale shall not be quashed.
WicJiliffe and Wooleij for plaintiff; Haggin for defendants.
Lut neither of these reasons applies to the less formal proceeding by motion. Motions and rules, are tried by the court without a jury, whether they contain matter of fact or of law; and it is not usual or necessary in a motion, to observe the technical strictness required in pleading.
Wherefore it seems to the court, that errors in fact and in law, may be well joined in the same motion or rule, for quashing an execution or sale; and consequently the circuit court did not err in overruling the demurrer to the assignment of errors. Nor is there any thing in the record which will authorise a reversal of the order quashing the executions and sale, even though it may have been, in fact erroneous,
Judgment affirmed.